# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE DISCOVER FINANCIAL SERVICES DERIVATIVE LITIGATION | ) ) ) ) | No. 12 C 6436<br><br>Judge Jorge L. Alonso |

## MEMORANDUM OPINION AND ORDER

This case is on appeal from this Court's judgment of dismissal with prejudice. The Court of Appeals recently remanded the case so that this Court can decide plaintiffs' motion to substitute plaintiffs and amend the complaint. Plaintiffs' motion is denied for the reasons explained below.

## DISCUSSION

This is a shareholder derivative action premised on diversity jurisdiction. The plaintiffs are Jeanette Bokhari, a Michigan citizen, and the Charter Township of Clinton Police and Fire Retirement System (the "Retirement System" or "System"), which is a trust. The members of the System's Retirement Board (the "Trustees" or the "Board") were all Michigan citizens at the time the initial complaint was filed and are currently all Michigan citizens. The defendants are citizens of Delaware, Illinois, Connecticut, Maryland, New York, Virginia, Pennsylvania, and Texas.

Shortly before plaintiffs filed their appeal, the Supreme Court held in *Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016), that unincorporated entities like trusts take on the citizenship of their members. After plaintiffs filed their appeal, the Court of Appeals held in *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689 (7th Cir. July 1, 2016), that the citizenship of a pension trust is the citizenship of all of the trust's beneficiaries,

although the trustees' citizenship controls when the trustees litigate in their own names. Plaintiffs then filed a motion before the Court of Appeals to substitute the Retirement System's trustees, in their capacities as trustees, for the Retirement System itself, presumably in order to preserve diversity jurisdiction.[1]

In its remand order, the Court of Appeals stated that "a district court has the authority to permit such a substitution," and instructed this Court to "consider whether, after *Americold* and *RTP*, this pension trust is entitled to litigate through its trustees, or instead must litigate in its own name. In other words, are the trustees the real parties in interest, or is the trust?" (ECF No. 137, Order of Sept. 15, 2016.)

The parties agree that *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), controls this Court's analysis. In *Navarro*, the Supreme Court held that the trustees of an express business trust were the real parties in interest and could thus invoke diversity jurisdiction on the basis of their own citizenship, rather than that of the trust's beneficial shareholders. 446 U.S. at 465. The Court said: "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id.* at 464. The Court further stated that the trustees were "active trustees whose control over the assets held in their names is real and substantial" and that they "have legal title; they manage the assets; they control the litigation." *Id.* at 465.

---

[1]Plaintiffs do not provide the citizenships of the Retirement System's beneficiaries. Defendants posit that it is unlikely that the System's members are completely diverse from defendants, and plaintiffs reply that "[w]hile that may be correct, the record does not establish that fact." (Pls.' Reply at 2 n.3.)

2

In their response to plaintiffs' motion, defendants point out, correctly, that plaintiffs' motion fails to address whether the Retirement System's trustees have these powers. In their reply brief, plaintiffs state that the Retirement System's governing "trust instrument" is derived from Michigan statutes—specifically, the Fire Fighters and Police Officers Retirement Act, Mich. Comp. Laws §§ 38.551 *et seq.* (the "Retirement Act"), which incorporates the Public Employee Retirement System Investment Act (the "Investment Act"), Mich. Comp. Laws §§ 38.1132 *et seq.*

The Court first examines whether the Trustees have the power to hold the assets of the Retirement System. Plaintiffs contend that although title to these assets is held "in the name of the System itself," and not by the Trustees, the Trustees "hold" the assets to the same extent as the trustees in *Navarro* because they "maintain" the assets under the name of the Retirement System and "exercise full investment authority" over the assets. Plaintiffs fail to cite any legal authority for this proposition, and the Court is unpersuaded. The trustees in *Navarro* took legal title to the trust assets; that is not the case here. Plaintiffs also fail to acknowledge that the relevant statute provides: "The treasurer of the city, village, or municipality shall be the custodian of all funds of the retirement system." Mich. Comp. Laws § 38.553.

As for the power to manage and dispose of the Retirement System's assets, neither power is explicitly included in the list of the "general powers and duties" of a retirement system board that is set out in Mich. Comp. Laws § 38.552. Plaintiffs cite a provision of the Investment Act which states that the assets of a public employee retirement system "may be invested, reinvested, held in nominee form, and managed by *an investment fiduciary* subject to the terms, conditions, and limitations provided in this act." Mich. Comp. Laws § 38.1133(2) (emphasis added).

"Investment fiduciary" is defined as "a person[2] other than a participant directing the investment of the assets of his or her individual account in a defined contribution plan who . . . [e]xercises any discretionary authority or control in the investment of a system's assets" or "[r]enders investment advice for a system for a fee or other direct or indirect compensation." Mich. Comp. Laws § 38.1132c(1).

In support of their argument that the Board is the investment fiduciary of the System, plaintiffs cite *Board of Trustees v. City of Detroit* ("*Detroit*"), 373 N.W.2d 173 (Mich. Ct. App. 1985), in which the Michigan Court of Appeals held that the Board of Trustees of the Policemen and Firemen Retirement System of the City of Detroit could retain independent legal counsel to pursue claims against the City for the failure to make contributions to the System. But the *Detroit* court did not expressly analyze whether the board was the retirement system's investment fiduciary; rather, that was assumed. Plaintiffs do not cite, and the Court was unable to locate, any Michigan decisions that analyze the circumstances under which a board of trustees can be considered the "investment fiduciary" for a given retirement system.[3] The Court did find a relevant opinion of the Michigan Attorney General, who determined that a board of trustees of a county retirement system is an investment fiduciary for the purposes of Mich. Comp. Laws § 38.1132 "if the county board of commissioners has granted to the board of trustees authority to

---

[2]The word "person" in Michigan statutes applies to "bodies politic and corporate, as well as to individuals." Mich. Comp. Laws §§ 8.3, 8.3*l*.

[3]In *Board of Trustees v. City of Detroit*, No. 259592, 2006 WL 2061403, at *2 (Mich. Ct. App. July 25, 2006), an unpublished opinion, the Michigan Court of Appeals stated without analysis that the plaintiffs, the boards of trustees of two retirement systems, were "clearly" investment fiduciaries under Mich. Comp. Laws § 38.1132c(1). It was undisputed, however, that the boards had a duty to manage the systems, and the court was also guided by provisions of the Detroit City Charter.

invest and reinvest the assets and reserves of the county retirement system." 1989 Mich. Op. Att'y Gen. 6597, 1989 WL 445970, at *5. It may be that in practice, the Trustees act as investment fiduciaries of the System, but plaintiffs do not discuss what powers Clinton Township has actually conferred on the Trustees through ordinance, charter, or otherwise. Accordingly, they have failed to demonstrate that the Trustees are investment fiduciaries and have the power to manage the assets of the Retirement System.

Plaintiffs maintain that the Trustees are the real parties in interest because they "fully control" the assets of the System. But plaintiffs did not submit any such evidence. Plaintiffs also argue that, while the Michigan statutory scheme does not explicitly state that the Trustees have the right to sue and be sued in their capacity as trustees,[4] they exercise this "ultimate authority" pursuant to "Michigan practice," citing *Detroit* and another decision in which a retirement system's board sued as a plaintiff. Neither case, however, addressed whether the board or the retirement system was the real party in interest, and in any event the identities of the plaintiffs in two cases do not demonstrate a "practice."

"[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro*, 446 U.S. at 460. Plaintiffs have failed to persuade this Court that the Trustees of the Retirement System have the customary powers to hold, manage, and dispose of the assets in the System such that they are the real parties to this controversy and should be substituted as plaintiffs.

---

[4]In contrast, the Retirement Act expressly gives the Board the right to retain legal services "as may be necessary for the conduct of the affairs of the retirement system and make compensations for the services retained." Mich. Comp. Laws § 38.552.

5

## CONCLUSION

Plaintiffs' motion to substitute plaintiffs and amend the complaint is denied.

**SO ORDERED.**          **ENTERED:   September 22, 2016**

_____
**JORGE L. ALONSO**
**United States District Judge**